IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID WEATHERS | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv387 |
| KURT STEIFER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff David Weathers, proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during a previous incarceration in the Michael Unit of the Texas Department of Criminal Justice. The case was transferred to this Court for proper venue and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. #6.)

On September 29, 2022, the Court observed that Plaintiff's original complaint suffered from several defects that needed to be addressed before his lawsuit could proceed. (Dkt. #8.) Accordingly, the Court ordered him to file an amended complaint to allege specific facts necessary to support his claims and to demonstrate that his claims were not barred by the applicable statute of limitations. (*Id.*) Plaintiff has not complied with that order or taken any other action since that date to prosecute this case.

Moreover, mail sent by the Court to Plaintiff has been returned as undeliverable, indicating that he has failed in his responsibility to keep the Court apprised of his current address. (Dkt. #9.) It is well-settled that a plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex. Oct. 10, 2016) (explaining that "litigants, including prisoners, bear the

burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Local Rules of the Eastern District of Texas: "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d). Plaintiff was also expressly advised of this requirement by the form on which he filed his original complaint, which emphasized that "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint[.]" (Dkt. #3 at 2.)

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order or to update his address are not actions that threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case. Because Plaintiff's complaint includes events dating to 2020, the statute of limitations in this case should be suspended for ninety days from the entry of judgment, to the extent that Plaintiff's claims were not already untimely at the time he filed suit. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). Such suspension does not affect any claims for which the limitations period had already expired at the time that the present lawsuit was filed; those claims would remain barred regardless of any suspension of the limitations period.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of November, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE